modification of original contract unless such modification is pleaded.

2. Evidence to show parol modification of written contract and of performance thereof, held not admissible upon ground that statute of frauds does not permit recovery.

Error to Common Pleas.

Judgment reversed.

Maurer, Bolton & McGiffin, Cleveland, for Ring.

Patterson, O'Brien and Holland, Cleveland, for Barker.

FULL TEXT.

ALLREAD, J.

This action was brought by Barker against the Rings upon a contract for real estate commission dated May 3rd, 1926.

The defendants answered by an admission that the plaintiff was appointed agent for the sale of the real estate of plaintiffs in error on May 3rd, 1926, but denied all the other allegations of the petition. Later on, the defendants were permitted to amend by inserting the words: "but not in accordance with the contract set forth in plaintiff's petition." The plaintiff in support of his case offered Exhibit A, which was the contract of May 3rd, 1926, but which contains a stipulation that the property should not be sold for less than $8900.00. The plaintiff could not recover upon this contract alone and he therefore offered evidence tending to prove a subsequent parol modification of that contract by allowing the plaintiff to sell the property at the sum of $7450.00. When this evidence was offered, it was objected to by counsel for the defendant and the objection was overruled. This was the first error.

The plaintiff could not recover upon a subsequent modification of the original contract unless such modification was pleaded. See Blair Realty Co. vs. Frank, 26 N.P.N.S. 402. Evidence having been offered to show the parol modification of the contract and of the performance thereof, the defendants objected thereto, upon the ground that the statute of frauds did not permit a recovery. This objection was also overruled and was the second error.

It is clear that no plea could reach this modification of the original contract, as the same was not disclosed in the petition. We think the defendant was at liberty to raise the question of the statute of frauds when the parol contract for the modification of the original contract was first offered.

In view of these errors, we think the judgment must be reversed and the cause remanded for a new trial.

(Ferneding, PJ., and Kunkle, J., Concur.)

---

# SYLLABI
# Ohio Supreme Court

---

OLMSTED & CO. v. MET. LIFE INS. CO.

Ohio Supreme Court.

No. 20825. Decided Apr. 18, 1928.

**647. INSURANCE—1277 Words and Phrases.**

1. Where numerous courts have construed language of insurance contract, and have arrived at conflicting conclusions as to correct meaning, question of ambiguity ceases to be open one.

2. Rule that ambiguous language is to be construed against party selecting it, and in favor of party sought to be charged, especially applicable subsequent to such conflicting judicial constructions.

Error to Cuyahoga Appeals.

Judgment affirmed.

1. Where the language of a clause used in an insurance contract is such that courts of numerous jurisdictions have found it necessary to construe it and in such construction have arrived at conflicting conclusions as to the correct meaning, intent and effect thereof, the question whether such clause is ambiguous ceases to be an open one.

2. The rule that ambiguous language is to be construed most strongly against the party selecting the language and most favorably toward the party sought to be charged, is especially applicable to contracts executed subsequently to such conflicting judicial constructions.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

WEIMER v. STATE.

Ohio Supreme Court.

No. 20915. Decided Feb. 15, 1928.

Error to Greene Appeals.

On motion to dismiss petition.
Motion sustained.

Syllabus by Editorial Staff.

**661. INTOXICATING LIQUOR—1195 Trial—291 Constitutional Law.**

Art. I, Sect. 10, Ohio Constitution, does not entitle one convicted of violation of liquor laws, to trial by jury where imprisonment is not part of the penalty.

(Marshall, CJ., and Day. Allen, Kinkade, Robinson and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

OYSTER et v. P. U. C.

Ohio Supreme Court.

No. 20828. Decided Mar. 14, 1928.

Error to P. U. C.

Order affirmed.

Syllabus by Editorial Staff.

**216. CERTIFICATES—of Convenience and Necessity—973 Public Utilities Commission—793a Motor Transport.**

Sale of motor bus line, when no application for purchase and sale made to commission, and consent for transfer or assignment not se-

cured, held sufficient grounds for revocation of certificate.

(Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## HALLIDAY v. P. U. C.

Ohio Supreme Court.

No. 20768.   Decided Mar. 28, 1928.

Error to P. U. C.

Order affirmed.

Syllabus by Editorial Staff.

**991.   RAILROADS—973 Public Utilities Commission.**

1.   On application for order to install switch track connection, motion, by railroad, to dismiss application may be treated as demurrer to petition and supporting evidence.

2.   That building is still under construction, that no business has been transacted upon premises, that no shipment has been tendered, and that there is no definite proof of future business that would be furnished to railroad, held sufficient grounds for dismissal of application.

3.   Public Utilities Commission authorized, by statute, to supervise railroads and make reasonable orders.

(Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## AMER. LAUND. MACH. CO. v. DANE-MAN et.

Ohio Supreme Court.

No. 20703.   Decided Apr. 11, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

Syllabus by Editorial Staff.

**106.   ASSIGNMENTS—456 Employer and Employe.**

1.   Assignment of future wages, under existing employment, held valid.

2.   Section 6346-12 GC., authorizes assignment of not more than 50% of personal earnings.   Portion of wages so authorized, may be validly assigned without acceptance of employer.

(Marshall, CJ., and Day, Allen, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## CHARPIOT v. STATE ex Scott.

Ohio Supreme Court.

No. 20949.   Decided June 13, 1928.

Error to Williams Appeals.

Judgment reversed.

**362a.   DECEDENTS' ESTATES—126 Banks and Banking—147 Bills, Notes and Checks—1197 Trusts and Trustees.**

1.   Note held by private bank does not descend to heirs of owner.

2.   Heirs do not have even beneficial interest in such note.

3.   Transfer, by heirs, does not pass title.

4.   Where incorporated bank, without authority, seizes assets of such private bank, and administers estate, it becomes trustee.

5.   Court of equity may entertain action by superintendent of banks, or other trustee as liquidator of such seizing bank, against maker of note.   Such action must be predicated upon showing that assets of seized bank and of estate of private owner, not sufficient to pay indebtedness of private bank, and recovery will be limited to such sum as will cover deficiency.

ROBINSON, J.

1.   An accommodation note, held by a privately and solely owned bank, does not devolve upon the heirs of the owner of such bank, by descent, upon the death of such owner.

2.   Such heirs do not have even a beneficial interest in such note or its proceeds.

3.   A transfer of such note by the heirs of such deceased owner of such bank does not invest the transferee with any title to such note.

4.   Where an incorporated bank, without authority, seizes the assets of such a privately owned bank, upon the death of the owner, and administers its estate, it thereby becomes a trustee de son tort for the benefit of creditors, and may be required to account for its trusteeship.

5.   A court of equity may entertain an action by the superintendent of banks of this state, or by any other trustee as liquidator of such seizing bank, against the maker of an accommodation note to the bank so seized; but his recovery upon such note must be predicated upon a showing that the assets of such seized bank and the assets of the estate of the private owner of such bank, undiminished by diversion or distribution, are or were insufficient to pay the indebtedness of the privately owned bank, and his recovery will be limited to such sum as will cover such deficiency.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur.)

---

## BANANA SALES CORP. v. CHUCHANIS

Ohio Supreme Court.

No. 21003.   Decided June 13, 1928.

Error to Stark Appeals.

Judgment affirmed.

**587.   GUARANTY—362 Debtor and Creditor.**

1.   Acceptance of goods, in full payment of debt, held to release guarantor.

2.   Transaction, resulting in release of principal debtor, held to release guarantor.

JONES, J.

1.   If a creditor accepts goods in full payment of a debt owing him by his debtor and executes a written release of the debt to the debtor, one who guarantees the payment of the debt is also released from his obligation as guarantor of the debt.